# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PARSONS BRINCKERHOFF QUADE & DOUGLAS,

Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION,

Defendant.

Civil No. 00-1653 (JRT/FLN)

**TEMPORARY RESTRAINING ORDER**

Robert Bergen, HOLLAND & KNIGHT, 195 Broadway 24th Floor, New York, NY 10007, and David B. Potter, OPPENHEIMER WOLFF & DONNELLY, 3400 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, for plaintiff.

Lonnie Bryan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

This matter came before the Court on July 20, 2000 at 1:00 p.m. on plaintiff Parsons Brinckerhoff Quade & Douglas, Inc.'s motion for a temporary restraining order pursuant to Rule 65, Fed. R. Civ. P. The Court has considered the complaint, the motion, and other written submissions of the parties and heard the arguments of counsel. For the reasons set forth below, the Court grants plaintiff's motion.

FILED JUL 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

In a letter dated June 29, 2000, defendant informed the Metropolitan Council that it had made a final determination regarding a conflict of interest issue concerning the award of a Permanent Project Management Services contract ("PPMS contract") to plaintiff for the Hiawatha Light Rail Transit Project (the "Hiawatha Project"). According to the letter, defendant found a conflict because the employees who prepared plaintiff's proposal for the final contract also had access to and helped to prepare the project budget while plaintiff was a part of the interim project management team.

As clarified in a subsequent letter dated July 18, 2000, defendant imposed two requirements on the Metropolitan Council as a condition on defendant's continued participation in the Hiawatha Project. First, defendant required that the PPMS contract be re-bid. Second, defendant required that any new proposal from plaintiff be prepared without the participation of any of plaintiff's employees who also participated in the preparation of the project budget or to whom information about the budget was communicated. At the hearing, the parties informed the Court that the re-bidding process is expected to begin on July 24, 2000.

While the facts in this case are somewhat complex and it is not at all clear which side will ultimately prevail, the Court finds that plaintiff has established that immediate and irreparable injury is imminent, and that such harm outweighs any potential harm to defendant. If the re-bidding process begins as scheduled, plaintiff is in danger of losing its status as the permanent project manager. Moreover, plaintiff will only be able to participate in the re-bidding process on limited terms. In contrast to this potential harm, the Court finds that the delay of slightly less than two weeks until briefing is completed

and a full hearing may be had will not likely cause any harm to defendant, particularly in light of the fact that this litigation may cloud the re-bidding process and deter potential proposals. Accordingly, the Court finds that entry of a temporary restraining order is appropriate in this case.

## ORDER

Based on the foregoing and the arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for a temporary restraining order [Docket No. 2] is **GRANTED**;

2. Until further order of this Court, defendant is directed to suspend its final determination of June 29, 2000, as modified by letter dated July 18, 2000, that the PPMS contract must be re-bid and that plaintiff may submit a new proposal only on condition that none of its employees who have knowledge of or participated in preparing the project budget participate in the preparation of the proposal;

3. Defendant shall further ensure that no other action is taken by defendant or its agents, contractors, or grantees to enforce, implement, or further that final determination; and

4. Pursuant to Rule 65(c), Fed. R. Civ. P., this Order shall become effective upon plaintiff posting a bond in the sum of Five Thousand Dollars ($5,000) with the Clerk of Court for payment of such costs and damages as may be incurred or suffered by

any party who is found to have been wrongfully restrained or enjoined. The Court will further consider the sufficiency of this bond amount at the preliminary injunction hearing.

DATED: July 21, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge